## Campbell v. Lozanoff
## Lozanoff v. Campbell

*Albert Ominsky*, for plaintiffs Campbell.

*R. A. Kraemer*, for defendants Lozanoff.

TAKIFF, J., February 26, 1974.—Two actions in trespass were brought arising out of a motor vehicle accident, on June 19, 1970, at "M" Street and Erie Avenue, in Philadelphia. One vehicle, operated by Helen Campbell, was westbound on Erie Avenue; the other, operated by Carol Lozanoff, was southbound on "M" Street. A suit captioned Campbell v. Lozanoff was filed as of C.P., November term, 1970, no. 2003,

and a counterclaim for property damages only was there asserted. A second suit, captioned Lozanoff v. Campbell and Archie Dessiso, defendants, arising out of the same occurrence, was filed as of C.P., August term, 1971, no. 1845, and Lozanoff was joined therein as an additional defendant.

By stipulation approved by Judge Hirsh, these matters were consolidated for trial and were thereafter heard by arbitrators pursuant to the compulsory arbitration statute, Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS §71. The arbitrators entered the following award in the suit of Lozanoff v. Campbell:

"In favor of plaintiff, Carol Lozanoff v. defendant, Helen Campbell in the amount of $948.16; in favor of plaintiff, Martin Lozanoff v. defendant, Helen Campbell in the amount of $605.90; in favor of defendant, Archie Dessiso v. plaintiffs Carol and Martin Lozanoff; in favor of additional defendant, Carol Lozanoff v. defendant Helen Campbell."

In the suit of Campbell v. Lozanoff, the award of the arbitrators was:

"In favor of defendants, Martin and Carol Lozanoff v. plaintiffs, Larry and Helen Campbell; in favor of defendants, Martin and Carol Lozanoff v. plaintiff, Helen Campbell on defendants' counterclaim IN NO AMOUNT. (This case was consolidated with Lozanoff v. Campbell, August Term, 1971, No. 1845)"

Mr. and Mrs. Campbell were represented by different counsel in the several actions. In that suit wherein they were plaintiffs, they were represented by private counsel; in that suit wherein they were defendants, both the Campbells and defendant Dessiso were represented by counsel designated by their insurance carrier.

In the suit wherein Campbells were defendants and an award had been entered against them in favor of

the Lozanoffs in the total sum of $1,554.06, the insurance carrier elected to settle that claim with full knowledge and no objection from private counsel for the Campbells, and, in fact, thereafter the matter was settled. However, termination was effected not by an order to mark settled, discontinued and ended but by the filing of an order to satisfy the judgment. Effort to settle the claim in which Campbell was plaintiff, however, was unsuccessful and a timely appeal on behalf of the Campbells in that suit, only, was thereupon filed.

The Campbells seek to have their claim heard de novo on the basis of the appeal in the one action. Lozanoff, however, has filed an amended answer in that action and by new matter raises the defense of res judicata, as reflected in the award in their favor rendered by the arbitrators in the consolidated proceeding.

The dichotomy in these cases arises out of the issue of whether the Campbells as plaintiffs shall be entitled to ·their statutory right of appeal, timely taken, and enjoy the benefits of the nonexposure to economic risk, by reason of payment made by their insurance carrier, in the litigation growing out of the same event wherein they were defendants. Obviously, the Campbells cannot seek the benefits of a trial de novo, wherein they are plaintiffs, and limit their liability in the cross suit, wherein they are defendants, to the amount paid by their insurance carrier. If the case is to be tried de novo, it should be so in all its aspects.

The reality of the litigation is apparent. Campbells' insurance carrier was content to accept and discharge the liability as found by the arbitrators in the suit brought by Lozanoff. Their assured were seemingly content with the economic results of that disposition but are now confronted with its legal effect as reflected

in the satisfaction of judgment. However, they did not intercede in that settlement by challenging it; and if it remains undisturbed, they will be in the position of having everything to gain on a retrial and nothing to lose. On the contrary, Lozanoffs' carrier does not choose to make payment in an amicable settlement of the Campbells' claim when their assured was the verdict winner before the arbitrators and that suit was settled. The Lozanoffs are apparently content with the arbitrators' award, do not seek more on a retrial and, hence, took no appeal.

When the insurance carrier for Campbell wished to discharge the adverse verdict against Campbell in the total amount of $1,554.06 and the Campbells wished to appeal their adverse verdict as plaintiffs, they could not unilaterally jeopardize the economic exposure of their carrier beyond the amount of the award in favor of the Lozanoffs. To perfect the present appeal, in a strict sense, required either an appeal from both ends of the consolidated trial or that the suit in which they were defendants be marked "Settled" rather than by entry of judgment on the award and subsequent satisfaction. 'To do otherwise might yield the possibility of wholly inconsistent results with a satisfied judgment on the award in favor of Lozanoff at the arbitration level, not appealed from, and verdict against the Lozanoffs on the Campbells' appeal.

Such a result can only obtain when an assured and a carrier, with common interests in one phase of the litigation, part company in the remaining aspect of the same litigation. Where the interests part company, as where the assured has the insulation of insurance as a defendant and is on his own venture as a plaintiff, the only rational procedure for the assured, who insists on pursuing a legal remedy which may increase the economic risk of the carrier, is either to require of his

insurance carrier that the other action be discontinued by an appropriate order or release the carrier from any exposure beyond the amount which the carrier is ready and willing to discharge, or, if that is not feasible because of third party rights which may have attached by reason of the contract of insurance, to adequately indemnify and hold harmless the carrier for any amount in excess of the award, up to the policy limit; then an appeal on both aspects of the cross-litigation would be appropriate.

Plaintiffs' appeal in Campbell v. Lozanoff was timely taken and she is statutorily entitled to a trial de novo but for the satisfaction of the judgment in the suit of Lozanoff v. Campbell. This is not merely a procedural defect but is a sequel to the fact that while the interest of Campbell and her insurance carrier were conjoined, when Campbell was a defendant, they became antithetical when Campbell was also a plaintiff arising out of the same event. The court, wishing to afford Campbell her full statutory right of appeal as plaintiff, but not at the prejudice of her carrier in the companion matter wherein she is defendant, has, therefore, concluded that the only appropriate manner in which she may exercise her rights is by her willingness to assume the burden of liability should her appeal yield an adverse result. Accordingly, we enter the following

## ORDER

And now, to wit, February 26, 1974, the order of the court dated August 21, 1973, is hereby vacated; defendants Martin and Carol Lozanoff's motion for judgment on the pleadings is denied; Larry and Helen Campbell are hereby granted leave to file an appeal nunc pro tunc in the suit of Lozanoff v. Campbell, C. P. August term, 1971, no. 1845, within 30 days from the date hereof provided, however, that as part of that appeal

defendants-appellants shall file with the prothonotary a release of all further liability or responsibility in favor of Central National Insurance Company, their insurance carrier, or an agreement to indemnify and hold harmless the said carrier, against any further or additional liability beyond that heretofore assumed and discharged by the carrier in favor of the Lozanoffs as plaintiffs; either the release or agreement to indemnify and hold harmless to bear the written endorsement of the carrier signifying the acceptance thereof. In default of the perfection of the appeal in the manner and within the time herein set forth, the order of August 21, 1973 granting defendants' motion for judgment on the pleadings in the suit of Campbell v. Lozanoff, C.P. November term, no. 2003, shall be restored to full force and effect.